UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JESUS (JESSE) J. GARZA,** *et al.*, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **CIVIL ACTION NO. V-10-05** |
| **FORD MOTOR CO.,** | § § § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Ford Motor Company's Motion for Summary Judgment (Dkt No. 49). Ford's motion is ripe for ruling and deemed unopposed because the submission date has passed and Plaintiffs Jesus (Jesse) J. Garza and Jacqueline Garza ("Plaintiffs") have not filed a response.[1] After careful consideration of the motion, arguments, record, and applicable law, the Court is of the opinion that Ford's Motion for Summary Judgment should be **GRANTED**.

### I. Factual and Procedural Background

This lawsuit arises from a crash that occurred on December 12, 2007, when Mr. Garza drove his employer's Ford E-250 van off the highway and the van rolled over. (Pl. 2d Amended Pet., Dkt. No. 38, ¶ 7.) Plaintiffs allege that as Mr. Garza was driving, the van's tire blew out, which caused him to veer off the road. (*Id.*) However, a police report prepared after the accident states that Mr. Garza "was fatigued and fell asleep at the wheel[,] . . . failed to drive in a single

---

[1] *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 21 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). The initial deadline for Plaintiffs' response was March 25, 2011; however, the Court extended this deadline to July 8, 2011. (Dkt. No. 55.) To date, Plaintiffs have not responded to Ford's Motion for Summary Judgment.

lane and drove off the left side of the roadway[,] . . . [and] then overcorrected to the right." (Dkt. No. 49, Ex. A at 2.) Mr. Garza was injured but survived the crash. (*Id.*)

Shortly after the accident, the van was sold at auction to Martinez Auto Parts in Hidalgo. (Martinez Dep., Dkt. No. 49, Ex. B at 8:11—10:2.) While at Martinez Auto Parts, most of the van's essential parts were stripped away, including the steering gearbox, power steering pump, motor, transmission, air conditioner, and three of the tires and rims. (*Id.* at 15:7-11; 16:16—17:2, 18:14-19.) A current photo of the van shows that only a shell remains. (Dkt. No. 49, Ex. C.)

Despite failing to preserve the van, on October 30, 2009, Plaintiffs filed suit against Hankook Tire America Corporation ("Hankook"), Boggus Motor Sales, L.P. ("Boggus"), and Ford Motor Company ("Ford') in Texas state court. No. C-3079-09-G, *Garza et al. v. Hankook Tire Am. Corp., et al.*, (370th Dist. Ct., Hidalgo County, Tex.). Defendants removed this action to federal court on December 9, 2009. (Dkt. No. 1.) Plaintiffs thereafter dismissed Boggus (Dkt. No. 13) and non-suited Hankook (Dkt. Nos. 43 & 44), leaving Ford as the only remaining defendant in this action.

Plaintiffs' Second Amended Original Complaint alleges products liability causes of action against Ford under theories of both strict liability and negligence. (Dkt. No. 38.) Specifically, Plaintiffs allege that the van's "A pillars" and roof were inadequate to withstand the force of a rollover; the restraint systems failed to properly maintain occupant positioning during rollovers; the van possessed a high center of gravity, making a rollover accident more probable; and the van did not contain adequate instructions and/or warnings to avoid risks and danger involved. (*Id.* ¶¶ 8, 21.) Ford now moves for summary judgment on the grounds that Plaintiffs cannot prove their products liability claims without expert testimony, which Plaintiffs have failed to disclose.

## II.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations" or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim

asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *Freeman v. U.S.*, 2005 WL 3132185, *2 (S.D. Tex. Nov. 22, 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### III. Discussion

As noted *supra*, Plaintiffs did not respond to Ford's Motion for Summary Judgment, and the motion is therefore deemed unopposed. However, unopposed motions for summary judgment that dispose of litigation may not be automatically granted. *John v. Louisiana Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707—10 (5th Cir. 1985). The Court will thus address the merits of Ford's motion.

#### A. Strict Products Liability

In general there are three theories of strict products liability: design defects, manufacturing defects, and marketing defects. *See Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 335 (Tex. 1998) (citing *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995)). Plaintiffs seek recovery under all three theories.

##### 1. Design Defect

To recover on a design defect claim in Texas, "a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). In addition, "a claimant must establish, among other things, that the defendant could have provided a safer alternative design." *Uniroyal*, 977 S.W.2d at 355. As a matter of law, a product is not unreasonably

dangerous if there are no safer alternative designs. *Caterpillar, Inc.*, 911 S.W.2d at 384. In other words, a plaintiff cannot recover if it does not prove that there is a reasonable safer alternative design. *See id.*

Here, Plaintiffs have failed to provide any evidence to establish the four elements listed above or the possibility of a safer alternative design. Therefore, Ford is entitled to summary judgment with respect to any strict liability claim based upon a design defect.

### 2. Manufacturing Defect

In Texas, "a plaintiff has a manufacturing defect claim when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997). Here, Plaintiffs have brought forth no evidence, through experts or otherwise, to prove that the Ford E-250 van involved in the accident deviated from the design specifications in a manner that rendered it unreasonably dangerous. Due to this absence of evidence, Ford is entitled to summary judgment with respect to any strict liability claim based upon a manufacturing defect theory of recovery.

### 3. Marketing Defect

Under Texas law, a marketing defect claim consists of five elements: (1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; (3) the product must possess a marketing defect; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury. *Sims v. Washex Mach. Corp.*, 932

S.W.2d 559, 561 (Tex. App.—Houston [1st Dist.] 1995, no writ). Because Plaintiffs have not produced any evidence to satisfy their burden or create a fact issue, Ford is entitled to summary judgment on any strict liability claim for a marketing defect.

### A. Negligence

In a negligence cause of action for products liability, the ultimate question is the care taken by the supplier in its preparation, manufacture, and/or sale of a product. *Caterpillar Inc.*, 911 S.W.2d at 384. Whereas a strict products liability cause of action focuses on the product itself to determine if it is defective, negligence focuses on the acts of the manufacturer and determines if it exercised ordinary care in design and production. *Id.* (citing *Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871 (Tex. 1978)).

Here, Plaintiffs allege that Ford breached its duty to them "to manufacture, market, and/or design an E-250 van with adequate crash protection to its roof and 'A pillars' to maintain adequate passenger space in the event of a foreseeable rollover accident . . . ." (Pl. 2d Amended Compl. ¶ 13.)

#### 1. Negligent Design and Manufacture

Negligent design and manufacturing claims are predicated on the existence of a safer alternative design for the product. *Am. Tobacco*, 951 S.W.2d at 437. Plaintiffs cannot defeat summary judgment on any claims for negligent design or negligent manufacture because they have failed to present any evidence to establish a material question of fact with respect to the existence of a safer alternative design.

#### 2. Negligent Failure to Warn

In a negligent failure to warn case, the issue is whether a reasonably prudent person in the position of the defendant would warn of all hazards associated with the product. *Munoz v. Gulf*

*Oil. Co.*, 732 S.W.2d 62, 65 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). To the extent Plaintiffs' negligent marketing claim can be construed as a failure to warn claim, they must establish that the dangers of the Ford E-250 were reasonably foreseeable and scientifically discoverable at the time of sale and that the failure to adequately warn was a proximate cause of the injury. *See Owens-Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551, 561 (Tex. App.—Houston [1st Dist.] 1996), *aff'd,* 972 S.W.2d 35, 41 (Tex. 1998)); *Gillespie v. Century Products Company*, 936 S.W.2d 50, 52 (Tex. App.—San Antonio 1996, no writ). Plaintiffs have failed to submit any evidence purporting to establish the elements of this cause of action or to show that Ford's alleged failure to warn was a proximate cause of their injuries. Therefore, Ford is entitled to summary judgment on any claim for negligent failure to warn.

## IV. Conclusion

For the reasons set forth above, Ford's Motion for Summary Judgment (Dkt. No. 49) is **GRANTED**.

It is so **ORDERED**.

**SIGNED** this 30th day of January, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE